IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REGINA COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-03122-MDH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it, and finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The decision of the Commission is affirmed.

## BACKGROUND

Plaintiff filed her application for disability insurance benefits under Title II on August 30, 2011. Plaintiff was born in 1978 and claims she became disabled beginning on December 15, 2009. Plaintiff's disability report states she has an alleged disability due to left knee problems/pain, hip pain, back pain, leg pain, numbness in the left leg, inability to sit or stand for "long periods," and migraines.

The claim was initially denied on November 14, 2011. Plaintiff filed a request for an Administrative Law Judge hearing, and a hearing was held on November 14, 2012. On March 1, 2013, the ALJ issued a decision finding the Plaintiff was not disabled as defined by the Act. Plaintiff then filed a request for Review of the ALJ's decision before the Appeals Council, which was denied.

The ALJ found that Plaintiff had severe impairments that included degenerative joint disease of the knee, migraines and recurrent bronchitis. However, the ALJ held that Plaintiff does not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except the claimant must have a sit/stand option with the ability to change positions frequently, but not more often than once every thirty minutes. The claimant can occasionally climb ramps and stairs, and can occasionally kneel and crouch. The claimant can never climb ladders, ropes, or scaffolds, and can never crawl. The claimant is limited to pushing and pulling with the left leg frequently at a maximum of ten pounds. The claimant must avoid moderate exposure to noise, and concentrated exposure to extreme cold, wetness and vibrations. The ALJ found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as a mail clerk and office helper.

Based on the ALJ's findings, the ALJ found that the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. On January 23, 2014, SSA's Appeals Council denied Plaintiff's request for review.

Plaintiff's current appeal argues the following alleged errors: the ALJ failed to provide an appropriate narrative link between the evidence of record and his RFC finding; the ALJ failed

to appropriately weigh the identifiable and supported opinion of Dr. Singhal; and the ALJ failed to fully and fairly develop the record resulting in an RFC finding that did not account for Copeland's mental limitation and was thus not supported by substantial evidence.

## **DISCUSSION**

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

In order to qualify for benefits under the Social Security Act and the accompanying regulations, Plaintiff must establish she is disabled. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010); citing, *Pate–Fires v. Astrue,* 564 F.3d 935, 942 (8th Cir.2009). "Disability is defined

3

as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" *Id.*, quoting 42 U.S.C. § 1382c(a)(3)(A). To determine disability, the ALJ follows an established five-step process that considers whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work. *Id.*, citing, 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a).

In this case, the ALJ determined, among other things, Plaintiff was unable to perform past relevant work as a waitress, fast food worker and psychiatric aide. However, the ALJ concluded there was other work she could perform, giving the example of mail clerk or office helper as representative occupations of light unskilled work. Therefore, the ALJ determined she was not disabled and was not entitled to benefits.

### A. **Substantial Evidence Supports the ALJ's RFC Assessment.**

Plaintiff argues the ALJ's Decision failed to provide a link between the more restrictive RFC and the record as a whole. Further, the Plaintiff argues the ALJ "discounted the medical information provided by Copeland in support of her RFC and found that she had failed to meet her burden." The ALJ's Decision states "the above residual functional capacity assessment is supported by the objective medical evidence contained in the record. The credibility of the claimant's allegations is weakened by the inconsistencies between her allegations, her statement regarding daily activities, and the medical evidence. Although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless

4

the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable." Tr. at 19.

RFC assessments are reserved to the Commissioner and are based on the record as a whole. 20 C.F.R. § 404.1527(d)(2). "RFC is defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); citing, *Leckenby v. Astrue*, 487 F.3d 626, 631 n. 5 (8th Cir. 2007)(internal quotations, alteration, and citations omitted). "The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). "However, the burden of persuasion to prove disability and demonstrate RFC remains on the claimant." *Id.* "The record must be evaluated as a whole to determine whether the treating physician's opinion should control." *Id.* When a treating physician's opinions "are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); citing, *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005), citing, *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001). The ALJ must first evaluate the claimant's credibility before determining a claimant's RFC. *Id.*

Here, the ALJ provided an extensive review and analysis based upon the statutes, medical evidence and testimony. First, the ALJ evaluated Plaintiff's credibility in determining the RFC assessment. In determining credibility, an ALJ should consider the claimant's prior work history; observations by third parties and treating and examining physicians relating to daily

activities; duration, frequency and intensity of the pain; dosage, effectiveness and side effects of medications; precipitating and aggravating factors; and functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). However, an ALJ "need not explicitly discuss each Polaski factor." See *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). If there are inconsistencies as a whole, it is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints. *Id.* "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Halverson v. Astrue,* 600 F.3d 922, 932 (8th Cir. 2010).

Here, the ALJ's determination considered and discussed Claimant's testimony regarding these factors and found that the testimony was inconsistent with the allegations of disabling symptoms and limitations, "which weakens her credibility." Tr. at 17. For example, the ALJ noted the Claimant testified she could walk a mile and lift twenty-five pounds. She also testified she attends to her personal hygiene, washes laundry, drives, shops, pays bills and cares for her disabled daughter. *Id.* Claimant claimed she suffers from hip pain, back pain, leg numbness, degenerative joint disease, migraines and recurrent bronchitis and as a result cannot work. However, the ALJ stated "the claimant has described daily activities that are inconsistent with the claimant's allegations of disabling symptoms and limitations…" Tr. 17-19.

Further, the ALJ went through an extensive and thorough review of the medical evidence and stated "the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations." *Id.* For purposes of this Order it is unnecessary to restate the extensive analysis provided by the ALJ. However, the ALJ's Determination provides a thorough review of the medical records regarding Claimant's history of knee arthroscopy, recurrent bronchitis and headaches and noted that the medical records showed

6

normal results. For example, claimant complained of headaches but had a normal CT scan result. Claimant complained of recurrent bronchitis but has smoked a pack of cigarettes per day for the past twenty-one years. Further, with regard to Claimant's knee, the medical records showed recommendations that Claimant use a knee brace. After analyzing both the objective medical records, the opinion evidence submitted and the Claimant's testimony, the ALJ found "the residual functional capacity assessment is supported by the objective medical evidence contained in the record. The credibility of the claimant's allegations is weakened by inconsistencies between her allegations, her statements regarding daily activities, and the medical evidence." Tr. at 20.

Here, the Court finds the ALJ did not commit error and was in a better position than this Court to assess Plaintiff's credibility. Therefore, the Court finds the ALJ's determination regarding Plaintiff's RFC is supported by substantial evidence on the record as a whole.

### B. Substantial Evidence Supports the ALJ's Consideration of Dr. Singhal's Opinions.

Plaintiff argues the ALJ "rejected" the opinions of Dr. Singhal. Specifically, Plaintiff argues Dr. Singhal treated Plaintiff "several times" and that the ALJ did not give his medical opinions significant and/or controlling weight in his determination.

Generally, a treating physician's opinion is given at least substantial weight under the Social Security Administration regulations. 20 C.F.R. §§ 404.1527(c), 416.927(c), see also, *Brown v. Colvin*, 2014 WL 1687430 *2 (W.D. Mo. 2014). However, such an opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Colvin*, 2014 WL 1687430, at *2 (W.D. Mo. Apr. 29, 2014); citing, *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). Rather, an "ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating

7

physician renders inconsistent opinions." *Id.*; citing, *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

"In determining how much weight to accord a physician's opinion, the ALJ must take into account a variety of considerations including: whether the opinion is supported with facts and evidence; whether the opinion is consistent with other evidence and opinions, including the physician's own notes; and whether the physician's specialty gives her greater credibility." *Id,* citing, 20 C.F.R. §§ 404.1527(c), 416.927(c); and *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012).

Here, Dr. Singhal saw Plaintiff twice in 2012 – on August 24, 2012 he saw her for complaints of depression and on October 22, 2012 he saw her for complaints of migraines. Tr. at 390-91, 531-32. On October 22, 2012, during Plaintiff's second visit, Dr. Singhal completed a "Medical Source Statement – Physical." Tr. at 400-01. This form states, in part, Plaintiff is limited to lifting or carrying 5 lbs; can stand and/or walk continuously (without a break) for 30 minutes; and can stand and/or walk throughout an 8 hour day (with usual breaks) for 4 hours. *Id.*

The ALJ discounted the opinion given by Dr. Singhal after Plaintiff's testimony completely contradicted the records. For example, Dr. Singhal's form states Plaintiff could not lift any more than 5 pounds but Plaintiff testified she could lift 25 pounds. Tr. at 20, 40, 207, 400. Further, Plaintiff testified she could walk a mile and Dr. Singhal's records reflect Plaintiff had knee problems.[1] However, Dr. Singhal's initial records also reflect that Plaintiff did not need any assistive device for ambulation or balance. Tr. at 401. Nonetheless, Dr. Singhal's medical records do not reflect any information inconsistent with the ALJ's findings. In the

---

[1] Plaintiff argues the ALJ did not consider Dr. Singhal's prescription for a cane that was given on October 31, 2012. This prescription came approximately two weeks prior to the ALJ's hearing. However, as stated herein, Plaintiff's own testimony was considered by the ALJ regarding any alleged limitations and Plaintiff testified she could walk a mile along with other daily activities.

August 24, 2012 medical records, Dr. Singhal evaluated Plaintiff for depsression, stating she "complaints of depressed mood, difficulty concentrating fatigue and insomnia…. Onset was approximately a few months ago." Tr. at 390. Plaintiff was to follow up in four weeks, but no other evaluations were given. Substantial evidence from both the medical records, and Plaintiff's testimony, support the ALJ's determination.

Here, the ALJ resolved conflicts, if any, in the medical records by taking into account the record as a whole, including Plaintiff's own testimony. One of the ALJ's functions is to resolve any conflicts in the evidence. See *Pearson v. Massanari,* 274 F.3d 1211, 1219 (8th Cir. 2001). Again, the Court finds the ALJ did not commit error and was in a better position than this Court to assess Plaintiff's credibility. Therefore, the Court finds the ALJ's determination is supported by substantial evidence on the record as a whole.

C. **The Record Was Sufficiently Developed by the ALJ.**

Finally, Plaintiff alleges the ALJ erred by not ordering a Wechsler Adult Intelligence Scale. Plaintiff argues intelligence testing was necessary in light of Plaintiff's educational records and Dr. O'Neill's examination findings. Plaintiff argues it is the ALJ's burden to fully and fairly develop the record.

"A disability claimant is entitled to a full and fair hearing under the Social Security Act." *Hepp v. Astrue*, 511 F.3d 798, 804 (8th Cir. 2008). As already stated herein, the ALJ's determination was based on the evidence in the record, including medical records, observations of treating physicians and others, and plaintiff's own description of her limitations. See *Krogmeier v. Barnhart,* 294 F.3d 1019, 1024 (8th Cir. 2002). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Halverson v. Astrue*,

600 F.3d 922, 933 (8th Cir. 2010); citing, *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994). In this case, the ALJ considered the medical records, Plaintiff's testimony, and other evidence in making the determination Plaintiff was not entitled to disability benefits. As described above, there was substantial evidence in the record as a whole to support the ALJ's decision.

Further, the ALJ held that the Plaintiff did not have a mental impairment that limited the Plaintiff's ability to perform basic mental work activities. The ALJ found that the Plaintiff has no limitations in her daily living, no more than a mild limitation in social functioning and a mild limitation in concentration, persistence or pace. Plaintiff's global assessment of functioning scale reflected "serious symptoms" but the ALJ gave the GAF score little weight based on the Plaintiff's longitudinal medical record and additional evidence. Tr. at 13, 14, and 19.

While the Plaintiff has the burden to prove a disability, 20 C.F.R. § 404.1512, the ALJ has the duty to develop a complete record. However, the ALJ has discretion in development of the record, and as previously stated, this Court's standard of review is whether the ALJ's determination is supported by substantial evidence on the record as a whole. As long as the record contains enough evidence to support the determination, the ALJ is not required to seek additional evidence. See *Tellez v. Barnhart,* 403 F.3d 953, 956-57 (8th Cir. 2005)("there is no indication that the ALJ felt unable to make the assessment he did and his conclusion is supported by substantial evidence" therefore, there is no evidence further development of the record was necessary.); see also *Haley v. Massanari,* 258 F.3d 742, 749-50 (8th Cir. 2001). If additional evidence is necessary for the ALJ to make an informed decision than he must ensure the record is fully developed. *Haley,* 258 F.3d at 749. However, when there is substantial evidence in the record to allow the ALJ to make an informed decision no further evidence is necessary. *Id.*

Here, the ALJ had sufficient evidence to make an informed decision. There was insufficient evidence of any alleged mental limitations to find a disability. The ALJ had evidence from Dr. O'Neill, Psy.D regarding a consultative psychological examination on October 4, 2011.[2] Tr. at 326-328. Further, the ALJ took into account the medical records (which did not state any mental impairments), Plaintiff's own testimony, and the fact that Plaintiff had not previously alleged disability due to mental impairments. Tr. at 15, 73, and 168. There is no evidence that the ALJ's determination was not fully and fairly developed in the record. Therefore, this Court again finds the ALJ's Determination is supported by substantial evidence in the record.

## **CONCLUSION**

For the reasons set forth herein, there is substantial evidence on the record as a whole to support the ALJ's determination, and the Commissioner's decision denying benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED:     February 20, 2015

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that in Plaintiff's October 2011 psychological exam, Plaintiff stated she "calms down by walking alone for 1-2 hours." Tr. at 326.